Case number 14-1109, Drawfrey Kenneth Wilson Appellant versus Commissioner of Internal Revenue Service. Mr. Wilson for the appellant, Mr. Carpenter for the affilee. Good afternoon, this is case 14-1109 and it's Geoffrey Wilson versus Commissioner of the IRS. My name is Geoffrey Wilson, I'm presenting pro se and that's one of the reasons I'm presenting pro se is because this otherwise would be totally uneconomic to bring this case and I just feel that the IRS is suing these cases in a sort of economic bullying manner. And so I don't think there's really much doubt about the facts of this case, although the IRS would like you to have doubt about the facts. We don't really know what the mistake was that the IRS made, they haven't told us that and don't seem inclined to, but what happened was it resulted in an illegal tax liability and on the basis of that illegal tax liability they entered into collection and lien process and to correct the mistake, they didn't proceed in any way as the law would provide, they literally cooked their books. The mistake was made in 2008, they went backwards to 2006 and made a tax liability for 2006 upon which they also assessed. Go ahead, I'm sorry you can go ahead and finish your sentence. So I was just wondering about the mootness question and I take it that your position is that even though the IRS has now seen the error of its ways and is no longer seeking to levy on your property, that that does not moot the entire case. And the particular question I had is to the extent, and I realize you have maybe four different grounds for so arguing, but just focusing on where you began which was asserting that this is not an economic proposition because it would be even more costly to hire counsel. There is an attorney's fees provision and you did ask for attorney's fees. What is your best legal basis for rebutting the Commissioner's notion that once they abandon the levy, the levy, moot. You're saying no it's not moot, I still have a beef with you, I still want fees. I think there's several, in the case law there's a line drawn between just the CDP process and the CDP process where there is an illegal tax liability or an erroneous tax liability. And it seems that what the IRS is saying here is that once we abate this liability at some time in the future, the court can't go back and examine anything that's happened in between as a basis of that liability. It's a little bit like sort of the fruit of the poison tree. Okay, so I hear that and there's a number of different arguments you're making there, but putting aside the arguments about the things that they did wrong along the way, including maybe counting up the money you or they owe wrong, erroneously. Just focusing on, is there anything in the tax court jurisprudence that would support your argument that their abandonment of the effort to levy your property doesn't fully moot your attorney's fees? It doesn't, I... Fully moot your case in this forum, in that forum, because you have attorney's fees. Well, it's not just attorney's fees. I know, but I want you to focus on that. Oh, on the attorney's fees. No, because by mooting the case, they mooted not only whether their abatement was a sufficient remedy, but they mooted the kind of acts that they'd engaged in by, first of all, making an illegal tax liability, and then by levying on that and also collecting on that. Not just levying, but collecting in that time in between. And also, I think the fact that they assessed interest on a period of time which couldn't possibly have interest is actually egregious, and it's astounding to me that the IRS didn't even see that. Did you, in your papers, request interest? I'm sorry? Where in your papers did you request the interest? In the motion that was turned on the pleadings, which was then made a summary judgment by the court as it's allowed under the rules. I'd just like to also talk about this erroneous refund that the IRS has brought forward. The only time we see an erroneous refund is in the CDP hearing and the letter for that. There was no procedures before that, and it's my opinion that the erroneous refund is a completely manufactured defense. There was no proof offered for it. It doesn't conform to the definition of an erroneous refund that even the IRS has in their manual. And I also believe that by obtaining their motions for extended time and for movements, they quoted this erroneous refund as the really sole basis for that. And so for them to then keep money that they had collected in the collection account shows that they didn't really abate or cancel, because I don't believe that abatement is a sufficient remedy for an illegal tax liability, because it leaves exposed anything that they've collected, whereas abatement is not really a remedy at all, it's just an offer to make smaller. What's the bottom line amount that you believe that the Commissioner owes you? Bottom line that the Commissioner owes me? I think the Commissioner owes me the difference between what they've now paid me and what was in the collection account. And I would like to receive costs, expenses, and attorney's fees. Interest. And I think that if the Court considers what they were doing serious enough, and I think it's clearly a substantially unjustified position in many of their arguments, then I would like to see the Court provide sanctions. I don't know if we're procedurally in a position to do that, given that there's a separate filing requirement where sanctions are being sought, you have to separately move for that, and I don't see that in the record, that you've moved for sanctions. You mentioned and requested it, but you didn't file a separate motion, as far as I'm aware. To this Court? No, in the Tax Court. It was all contained in the motion on the pleadings. Thank you. We'll hear from the Government and give you time for rebuttal. May it please the Court. My name is Clint Carpenter, and I represent the Commissioner of Internal Revenue. Mr. Wilson is very understandably frustrated with the effort that it took from him and the amount of time that it took for the IRS to figure out what had happened here and correct the problem. It would have been in everyone's interest if the IRS had realized it earlier. In fact, it would have been in the IRS's interest because they could have commenced a suit to recover the $13,000 that they mistakenly paid him and recovered it. But because the IRS messed up, they did it the wrong way, the statute of limitations for that ran. As a result of that, Mr. Wilson has recovered an $8,000 windfall. It's $8,000 he was never entitled to have, but the IRS can't get it back from him now because the statute of limitations has run. We're here today because, well, again, Mr. Wilson's frustration is understandable. But what he's asking for is, instead of an $8,000 windfall, a $13,000 windfall. He's not entitled to that, and more importantly, the tax court has no jurisdiction to give him that because the case is moot. And even if it weren't moot, the tax court doesn't have jurisdiction to order the IRS to issue refunds in collection due process cases. He could bring some kind of other action to try. That's correct. The tax code provides for refund suits, and that's the default method for any taxpayer to recover money that they've paid to the IRS that they think the IRS is not entitled to. It's a post-collection remedy. You pay the money, and then you can get it back to the refund suit. CDP is an exception to that. It's a pre-deprivation remedy, but it's more limited, and it doesn't include claims for refunds. If you were to assume that we agree with all of that, I have a question that goes to just the way we should frame an order, which is – that we would rely on mootness caused by the withdrawal of any effort to levy on his property. What is the status if there were a lawyer representing him in the case and there were a motion for fees, or if there were egregious conduct and there were a separate motion made under, I think it's the tax court rule 33, what would be the status in a case in which the commissioner mooted by basically yielding on the underlying question of those ancillary questions? In other words, I've been fighting – let's say I'm a taxpayer and I'm fighting against the commission, and the commission thinks it's right in some benighted way, and it turns out to be grossly wrong, and so I'm entitled to fees, and I'm entitled maybe even to sanctions. I'm not saying that's this case, but if it were that case, how would the mootness rule work in that setting? Sure. So if Mr. Wilson had filed a separate motion for fees, as he's required to do under tax court rules, and if he had an attorney and all of those things that don't exist, but if they did, then the mootness would – it would preclude attorney's fees. The Supreme Court has held that a claim for attorney's fees is not sufficient by itself to create a case or controversy where there is no case or controversy on the merits of the action. And that you're citing to which case? That is – I believe the name is Lewis. Lewis v. Continental Bank Corporation. It's 494 U.S. 472. That would be on page 477, 1990. That's not in the tax court context. That's just your general name? That case, no. That case is not in the tax court context. There's a First Circuit case that is in the tax court context and is actually a similar type of situation where the litigant sought damages after the case had become moot. And that case is Johansson v. United States, 506 F. 3rd. 65, and that's in the First Circuit, 2007. And in that case they relied on Lewis as well as some other Supreme Court cases to hold that the claim for attorney's fees was not enough to prevent mootness. I guess what then is the tax court thinking about? In some of the tax court cases they talk about ordinarily and in general the IRS's decision to abate an action letting on property moots the case. What is that holding open? Ordinarily and in general it's going to moot it, except I thought it was these kind of ancillary issues and you're telling me no. To my knowledge it is not. I'm not sure. I know what you're referring to. I'm not sure exactly what the court has in mind when they say in general. They could be thinking of cases, for example, in this court's case of buyers where one tax year became moot because of an abatement, but the entire case was not moot because there were a number of other tax years that were at issue. So I wish I could be more helpful on that, but I'm not sure what they're referring to. Attorney's fees would be moot. And that doesn't trouble you that it's in the commissioner's hands to take someone on a wild goose chase and not even compensate them for the effort of bringing the commission into line? I thought the point of those attorney's fees provisions was precisely to give people the incentive to bring it up and fix the problem. That's right, but that's true of all prevailing party attorney's fees cases, so Section 1983 cases and so forth. And it's my understanding from the Supreme Court cases that whenever a case becomes moot, there's no continuing claim for attorney's fees across all types of litigation. I understand how that seems less than fair, but essentially that's the statutory scheme we have in place. I would add that in this particular case, if we had all of those things that we don't, that would have made an attorney's fees claim proper, Mr. Wilson would still – well, the burden would be on the commissioner initially to show that its position in the litigation was substantially justified. And if it were substantially justified, then there would be no claim for attorney's fees. And so because we didn't have a motion and so forth, that issue never came forward. But the commissioner's position in the litigation is substantially justified. It's that we made a mistake in where we tried to fix the case. The position the IRS had taken prior to that in the administrative level probably was not right. Now, I was really asking the hypothetical in which you weren't going to prevail on the merits on the fees, and so there is actually a valid fee claim. Is it really in the commissioner's hands to just kind of slice that away by going, oops, there's more than it pays? I mean, I appreciate your acknowledgment that that's unfair, and I'll look at the authorities you mentioned. Yeah, and I think – I know Mr. Wilson had mentioned in his briefs and sort of alluded to it in his comments a moment ago that he believes there's some sort of practice or something where the IRS is going around debating things to avoid attorney's fees and trying to improperly collect in lots of cases where this has happened. There's no evidence of that. I'm not aware of anything like that. The situation we had in this case was very unusual. Nobody involved with the case had seen something like this happen before. There's no evidence that this is an ongoing problem that requires a broad remedy. I see that my time is just about up, so unless there are any further questions, we'll rest on our brief as to the other issues. Thank you. Thank you. I reserve three minutes for rebuttal. I'm so glad that the Council recognized my frustration. I only wish that the IRS had. I made every attempt at every stage of this matter to try to engage the IRS and settle this. I was not only refused, nobody would talk to me, or they didn't even mention that there was an erroneous refund. They didn't even mention that. It was somewhat impressive that they refunded the $2,200 that they realized that they had pursued erroneously, even though on net you ended up way ahead in terms of the double payment. I didn't end up way ahead because they have never done the accounting to do that. The problem is that they chose the wrong forum. I understand that, but they did. I didn't know they chose the wrong forum. Well, there's no evidence of that, and any evidence that I got double credit needed to be brought in a different forum, and I have engaged them to try to find out what was going on because, frankly, I couldn't understand what was going on until 2010. I had no notice of any of this until the collection and levy notice, so there was no way really to engage them until I found out that they were collecting against me, and after that I tried to engage them continually, and even up to the beginning just before the calendar call, and they have never wanted to engage me in a meaningful, proper way. I'm surprised that they didn't settle this. The case quoted to you, Lewis, is completely outside the jurisdiction of the tax court, in fact, every time that they engage, they want to take you outside the jurisdiction of the tax court, and this erroneous refund, even if it existed, which there is no proof of, for 2006 would be a non-rebate erroneous refund, which does not fall under the jurisdiction of the tax court, and the only reason we have jurisdiction of the tax court is because they manufactured a tax liability, and then we went through the CDP process, all the time I'm trying to tell them that there has to be some problem here, and they never wanted to engage in looking at that problem, and frankly I just find that their actions, whether they understood I was frustrated or not, to be egregious and not really what the tax code tells them. Okay. Thank you, Mr. Wilson. Thank you. Case is submitted.
judges: Judges Henderson, Kavanaugh, Pillard